United States District Court
Southern District of Texas
**ENTERED**
October 30, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BISHARA DENTAL PLLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-3079 |
| | § | |
| MORRIS LENDAIS HOLLRAH & SNOWDEN PLLC, | § § | |
| | § | |
| Defendant. | § § | |

## ORDER

Pending before the Court is Plaintiff Bishara Dental PLLC's ("Bishara Dental") Motion to Remand (Doc. No. 5). The Defendant Morris, Lendais, Hollrah & Snowden PLLC ("MLHS") filed a Response (Doc. No. 8), and Bishara Dental filed a Reply (Doc. No. 10) and a "Second Reply"[1] (Doc. No. 11). Having considered the briefing and applicable law, the Court DENIES the Motion to Remand.

### I.   BACKGROUND

This case stems from alleged unfair debt collection practices by MLHS. According to the state-court petition, MLHS obtained a default judgment on a breach of contract claim against Bishara Dental in Arizona in 2018, which it then filed to domesticate in Texas. (Doc. No. 1, Ex. B at 3). Bishara Dental contends that the judgment was rendered against the wrong entity because Bishara Dental did not enter the contract that formed the basis of the judgment. (*Id.*). Further, it asserts that MLHS knew that Bishara Dental was the incorrect entity against which to enforce the judgment, but did so anyway, and that a representative of MLHS lied to the state court when attempting to enforce the judgment. (*Id.* at 4).

---

[1] Bishara Dental's "Second Reply" seems to in actuality be an amended reply, so the Court will treat it as such and consider it to replace the original reply.

Due to these perceived wrongs, Bishara Dental filed its state-court petition against MLHS alleging violations of the Texas Deceptive Trade Practices Act (DTPA), Federal Fair Debt Collection Practices Act (FDCPA), the Texas Debt Collection Act (TDCA), the "Duty of Candor to the Tribune," and for fraud, abuse of process, malicious prosecution, and economic duress. (*Id.* at 6–18). MLHS subsequently removed based on federal question jurisdiction because of the inclusion of the cause of action for violation of the FDCPA. (Doc. No. 1 at 2). Bishara Dental has moved to remand, arguing that MLHS's removal was untimely and that there is no federal question jurisdiction.[2] (*See* Doc. No. 5).

## II.    LEGAL STANDARD

Federal courts have limited jurisdiction, so any doubts as to whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, the removing party bears the burden of establishing that a state-court suit is removable to federal court. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Any doubts about the propriety of removal are to be resolved in favor of remand. *Acuna*, 200 F.3d at 339.

A defendant may typically remove a civil action filed in state court to federal court if the federal court would have had original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). When a defendant desires to remove a case to federal court, he is required to file a notice of removal in the federal district court for the district and division within which the state court

---

[2] Bishara Dental also argued in its motion to remand that there is no diversity of citizenship and accused MLHS of "falsely claiming diversity of citizenship." (Doc. No. 5 at 2). MLHS's notice of removal is clearly based on federal question jurisdiction and nowhere alleges diversity jurisdiction. (*See* Doc. No. 1). Consequently, the Court will disregard this argument by Bishara Dental.

2

action is pending. 28 U.S.C. § 1446(a). The notice of removal must contain a "short and plain statement of the ground for removal, together with a copy of all process, pleadings, and orders" from the state court. *Id.*

### III. ANALYSIS

**A. The notice of removal was timely.**

The removal statute requires that the notice of removal "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b). An untimely notice of removal is a "procedural defect" that must be raised in a motion to remand or is waived. *Id.* § 1446(c); *see also In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991) (failure to timely remove is a "procedural rather than a substantive remand defect").

Bishara Dental contends in its motion to remand:

> Removal of this action was not timely in that defendant's Notice of Removal was filed more than 30 days after the time the initial pleading was served on the defendant. Defendant was served on both February and July, 2020[,] while the Notice of Removal is dated September 2, 2020.

(Doc. No. 5 at 1–2). In its reply, it further states, "The citation was issued and mailed twice to Defendant, on February 27, 2020 and July 1, 2020 according to records available at Chris Hollins County Clerk." (Doc. No. 11 at 1). Bishara Dental, however, did not attach any "records" to its motion or reply, and has offered the Court no evidence that demonstrates that MLHS was served in February or July.

On the other hand, MLHS contends in its response:

> As of the date of filing this Response, there is no return of service on file in the State Court Case (or anywhere else) evidencing any date that MLHS was allegedly served with process. MLHS did not receive citation of the original petition of the State Court Case until at the earliest on August 7, 2020, or at the latest, Monday, August 10, 2020. Citation of the original petition, along with a copy of

3

>the original petition, apparently was delivered by an envelope from Plaintiff's counsel, Mary Bishara, who had apparently mailed it on August 5, 2020 by certified mail, return receipt requested. Within the envelope was a copy of the original petition Bishara Dental had filed in the State Court Case along with an original embossed citation issued by the Harris County Clerk.

(Doc. No. 8 at 2). MLHS also attached an affidavit of its attorney Allan Goldstein, a copy of the envelope, and the USPS tracking information to support these contentions. (*Id.*, Ex. A). MLHS filed an answer in state court on August 31, 2020. (*See* Doc. No. 1, Ex. B at 33).

This Court must "resolve all contested fact issues . . . in favor of the plaintiff and remand." *Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 581 (S.D. Tex. 2012). As discussed previously, however, Bishara Dental has offered no evidence that MLHS had received the state-court petition as early as February or July. Certainly, there is no evidence in the state-court record that supports this assertion. Conversely, MLHS has produced evidence showing the earliest it received the petition was August 7, 2020. (Doc. No. 8, Ex. A). Consequently, the Court cannot call the date of receipt a true "contested fact issue." *Moreno*, 884 F. Supp. 2d at 581. The earliest MLHS received the petition was August 7, 2020, so its removal on September 2, 2020 was within the 30-day time period prescribed by statute. 28 U.S.C. § 1446(b).

**B.     This Court has removal jurisdiction over the case.**

A federal district court has removal jurisdiction if the federal court would have had original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). One way for a federal district court to have original subject matter jurisdiction over a case is through the pleading of a federal cause of action by the plaintiff. 28 U.S.C. § 1331; *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Further, if a federal court has original jurisdiction over a civil action, it may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a);

4

*see also Artis v. D.C.*, 138 S. Ct. 594, 597 (2018) (supplemental jurisdiction statute "enables federal district courts to entertain claims not otherwise within their adjudicatory authority").

1. **This Court would have had original jurisdiction over the FDCPA claim.**

Bishara Dental's original state-court petition clearly attempts to allege a claim under the FDCPA. (Doc. No. 1, Ex. B at 8–13). Its heading for "Claim #2" states:

> PLAINTIFF STATED FDCPA AND TDCA CLAIMS IN ALLEGING THAT DEFENDANT MISLEAD [sic] PLAINTIFF AND PERSISTED IN A DEBT COLLECTION LAWSUIT AGAINST HIM TO RECOVER MONEY ON A DEBT THE KNEW PLAINTIFF DID NOT OWE.

(*Id.* at 8). The petition continues with many references to the federal statutes making up the FDCPA and federal cases interpreting the Act. (*Id.* at 9–13) For example, the Plaintiff pleads: "Defendant engaged in false, deceptive, and misleading communications in the collection of a debt under 15 USC 1692" and "[t]he allegations also support that Defendant violated the FDCPA in misrepresenting the character, extent, and amount of a consumer debt in that it attempted to collect an amount from Plaintiff that he did not owe. 15 U.S.C. § 1992e(2)(A)." (*Id.* at 11, 12). Pleading a federal cause of action is enough to imbue this Court with jurisdiction. 28 U.S.C. § 1331; *Merrell Dow*, 478 U.S. at 808.

Bishara Dental, however, argues that its live pleading in the state-court action has been amended "to clarify that any Federal Law that was cited in the petition was cited for comparison and clarification of the origin of the Law. All Federal Law comparative citations are not currently present in Plaintiff's amended petition." (Doc. No. 5 at 3). In support of this contention, Bishara Dental attached to its motion a filing entitled "Plaintiff Bishara Dental PLLC'S First Amended Petition," which apparently deletes any references to the FDCPA and has a Certificate of Service date of September 30, 2020. (*See id.*, Ex. A).

5

The Court need not analyze whether this document properly removes the plaintiff's federal cause of action, however, because MLHS is correct in its contention that "federal courts examine the status of the case *at the time of removal*." (Doc. No. 8 at 4). It is well-settled that the court's jurisdiction "depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Group, L.P.*, 541 U.S. 567, 570 (2004). "To determine whether jurisdiction is present for removal, [the Court] consider[s] the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Clewis v. Medco Health Sols., Inc.*, 3:12-CV-5208-L, 2013 WL 781622, at *2 (N.D. Tex. Mar. 1, 2013) (disregarding the plaintiff's "First Amended Complaint" filed in the state court *after* removal).

Here, the operative petition in state court at the time MLHS removed to this Court included the pleaded federal cause of action. (Doc. No. 1. Ex. B). Any post-removal amendment of the petition in state court by Bishara Dental is irrelevant to a determination of this Court's jurisdiction.[3] If Bishara Dental wishes to omit or revise any of its claims, it must now do so under Federal Rule of Civil Procedure 15.

### 2. This Court may exercise supplemental jurisdiction over the Plaintiff's other claims.

MLHS contends, and Bishara Dental does not dispute, that all of the allegations against it arise out of the same case or controversy for purposes of the supplemental jurisdiction statute. (Doc. No. 8 at 5). As described previously, all of Bishara Dental's claims relate to alleged unfair debt collection practices by MLHS. (*See* Doc. No. 1, Ex. B). Accordingly, this Court may exercise supplemental jurisdiction over the Plaintiff's state-law claims. 28 U.S.C. § 1367(a).

---

[3] Moreover, there is no file stamp on Bishara Dental's attachment and Bishara Dental has not amended its petition in this cause since the date of removal. It is unclear whether the "Amended Petition" was *ever* filed in the state court, but it was certainly not filed before removal.

C.  **The Court denies sanctions against the Defendant.**

Bishara Dental argues that it was entitled to sanctions against MLHS "since there was no plausible basis for claiming that this court has jurisdiction on any basis over the causes of action asserted in plaintiff's petition." (Doc. No. 5 at 3). Having found that there was not only a plausible basis for removal, but also that removal was wholly appropriate and proper, the Court denies this request.

IV.  **CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion to Remand (Doc. No. 5) is hereby DENIED. Further, it is unclear whether Plaintiff's counsel has yet complied with this Court's October 7, 2020 Order denying her Motion to Appear Pro Hac Vice. (Doc. No. 7). Now that the Court has determined it has jurisdiction over this case and that it will proceed in this Court, Plaintiff's counsel, Mary Bishara, shall comply with that Order if she intends to act as counsel.

Signed at Houston, Texas, this 30th day of October, 2020.

Andrew S. Hanen
United States District Judge