IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BISHARA DENTAL PLLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-3079 |
| | § | |
| MORRIS LENDAIS HOLLRAH & | § | |
| SNOWDEN PLLC, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Pending before the Court is Defendant Morris, Lendais, Hollrah & Snowden PLLC's ("MLHS") Amended Motion to Dismiss (Doc. No. 27) the Complaint (Doc. No. 22) of Plaintiff Bishara Dental PLLC ("Bishara Dental"). Bishara Dental did not file a response to the amended motion, but did respond to the original motion (Doc. No. 24). Having considered the motion, briefing, and applicable law, the Court GRANTS the amended motion to dismiss.

## I. Background

This case is the culmination of a long, convoluted history between Bishara Dental and MLHS. Bishara Dental is a Houston-based dental practice[1] and MLHS is a Houston-based law firm. According to its First Amended Petition (the "Amended Complaint"), Bishara Dental has been the victim of unlawful debt collection practices by MLHS. Outfront Media, through its attorney Claudio Iannitelli, obtained a judgment on a breach of contract claim against Bishara Dental in Maricopa County, Arizona in 2018 (the "Arizona Lawsuit"[2]). MLHS was not involved

---

[1] Throughout its pleadings, Bishara Dental calls itself a corporation, but its name includes the designation "PLLC" indicating it is a professional limited liability company. Nevertheless, the exact organization and structure of Bishara Dental is not relevant to resolving the motion to dismiss.

[2] *Outfront Media LLC v. Bishara Dental PLLC*, Case No. CC2016-183322, Encanto Justice Court Precinct, Maricopa County, Arizona.

in this litigation. Then, Outfront Media, through its attorney Gary Shapley, filed to domesticate its judgment in Texas (the "Domestication Lawsuit"[3]). Outfront Media then substituted Allan Goldstein, an attorney with MLHS, as its counsel for the Domestication Lawsuit. Bishara Dental then sued Outfront Media, Iannitelli, Shapley, Goldstein, Shawn Morgan (apparently the process server who served the Arizona lawsuit) and Track Down, Inc. (the company for which Morgan worked) in Texas state court (the "Retaliation Lawsuit"[4]). The amended petition in that case made almost identical allegations against Goldstein that Bishara Dental has made against MLHS here. The state court dismissed that case based on the Texas Citizens Participation Act. It further awarded attorney's fees to the defendants and sanctioned Bishara Dental. Bishara Dental appealed, but the appellate court dismissed the appeal.[5]

Bishara Dental then filed the instant action against MLHS in Texas state court and MLHS removed the case to this Court. This Court denied Bishara Dental's motion to remand.[6] (Doc. No. 12). Bishara Dental contends that the default judgment rendered against it in the Arizona Lawsuit was against the wrong entity because Bishara Dental did not enter into the contract with Outfront Media that formed the basis of the judgment. That contract was for billboard advertising services. Further, Bishara Dental asserts that MLHS knew that Bishara Dental was the incorrect entity

---

[3] *Outfront Media LLC v. Bishara Dental PLLC*, Case No. 2018-56755, 133rd District Court, Harris County, Texas.

[4] *Bishara Dental PLLC v. Outfront Media LLC*, Case No. 2019-35525, 133rd District Court, Harris County, Texas.

[5] *Bishara Dental PLLC v. Outfront Media LLC*, 01-19-00723-CV, 2019 WL 6598169 Tex. App.—Houston [1st Dist.] Dec. 5, 2019, no pet.)

[6] In its original petition, Bishara Dental pleaded a violation of the Federal Fair Debt Collection Practices Act (FDCPA), the inclusion of which was the basis of MLHS's removal and this Court's denial of the motion to remand. Bishara Dental has since removed this cause of action, but the Court may still exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367.

against which to enforce the judgment, but did so anyway, and that a representative of MLHS lied to the state court when attempting to enforce the judgment in the Domestication Lawsuit.

In its Amended Complaint, Bishara Dental alleges violations of the Texas Deceptive Trade Practices Act (DTPA) and the Texas Debt Collection Act (TDCA), and further alleges perjury, fraud, abuse of process (or malicious prosecution), and economic duress. (Doc. No. 22 at 9–23).[7] In its prayer for relief, Bishara Dental requests monetary damages, but also asks that this Court set aside the judgment in the Arizona Lawsuit and its Texas domestication resulting from the Domestication Lawsuit (*Id.* at 25). MLHS has moved to dismiss all causes of action.

## II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[7] In its original petition, Bishara Dental also alleged a violation of the Federal Fair Debt Collection Practices Act (FDCPA), the inclusion of which provided federal subject matter jurisdiction on removal. Bishara Dental has since removed this cause of action.

3

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

#### A. DTPA Claim

In Texas, the elements of a claim under the DTPA are: "(1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) the deceptive acts constituted a producing cause of the consumer's damage." *Gallegos v. Quintero*, 13-16-00497-CV, 2018 WL 655539, at *3 (Tex. App.—Corpus Christi Feb. 1, 2018, pet. denied). To demonstrate consumer status under the DTPA, the plaintiff must have sought or acquired goods or services by purchase or lease, and the goods or services purchased or leased must form the basis of the complaint. *In re Primera Energy, LLC*, 579 B.R. 75, 165 (Bankr. W.D. Tex. 2017), *aff'd sub nom. Alfaro v. Reiley*, 5:18-CV-0329-JKP, 2019 WL 4765385 (W.D. Tex. Sept. 27, 2019).

The crux of Bishara Dental's DTPA claim is that MLHS pursued Bishara Dental for a debt that Bishara Dental did not owe and that MLHS knew that Bishara Dental did not owe the debt. Taking these allegations as true, the claim fails because Bishara Dental's allegations demonstrate that it was not a "consumer" for DTPA purposes. Bishara Dental alleges and insists that it never had any business dealings with MLHS or Outfront Media at all. Accordingly, it did not seek or acquire any goods or services from anyone. The DTPA claim fails.

B.  TDCA Claim

Under the TDCA, debt collectors are prohibited from certain activities in connection with debt collection. The basis of Bishara Dental's TDCA claim is the same as its DTPA claim—that MLHS pursued Bishara Dental for a debt that Bishara Dental did not owe and that MLHS knew that Bishara Dental did not owe the debt. The TDCA defines "debt collection" as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." Tex. Fin. Code § 392.001(5). Further, "consumer debt" is defined as "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." Tex. Fin. Code § 392.001(2).

Taking Bishara Dental's allegations as true, MLHS has not engaged in any "debt collection" activities because Bishara Dental did not have any "consumer debt" to collect. Even if Bishara Dental had entered into the contract that allegedly supported the default judgment in the Arizona Lawsuit, that contract was for advertising services in connection with Bishara Dental's business. Failure to pay under that contract, then, could not create a debt for "personal, family, or household purposes." Bishara Dental therefore fails to state a claim for a violation of the TDCA.

C.  Perjury

Bishara Dental's third cause of action is titled:

PERJURY; AGGREVATED [sic] PERJURY; DUTY OF CANDOR TO THE TRIBUNE: DEFENDANT ALLAN GOLDSTEIN LIED IN OPEN COURT REGARDING WHO IS THE MEMBER OF THE CORPORATION BISHARA DENTAL PLLC

(Doc. No. 22 at 17). Texas does not recognize a private cause of action for perjury. *See Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex. 1998). Even assuming the veracity of Bishara Dental's allegations, it cannot state a claim for perjury under Texas law. Further "duty of candor to the tribune" appears to be a reference to the Texas Disciplinary Rules of Professional Conduct. These

also do not provide a private cause of action: "Violation of a rule does not give rise to a private cause of action nor does it create any presumption that a legal duty to a client has been breached." Tex. Disciplinary R. Prof'l Conduct Preamble ¶ 15. These claims fail and are dismissed.

**D.    Fraud**

The elements of fraud in Texas are: "(1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (quotations omitted). Bishara Dental alleges that MLHS committed fraud by misrepresenting that Bishara Dental owed it money under a contract when it pursued the Domestication Lawsuit. Even assuming that this was a misrepresentation, Bishara Dental has failed to allege any justifiable reliance on this alleged misrepresentation. To the contrary, Bishara Dental maintains that it always knew that the alleged misrepresentation was false, so could not have relied on it. *See Arroyo Shrimp Farm, Inc. v. Hung Shrimp Farm, Inc.*, 927 S.W.2d 146, 153 (Tex. App.—Corpus Christi 1996, no writ) (ratification is a defense to fraud).

Further, Bishara Dental's fraud claim fails because of the attorney-immunity doctrine. "[A]ttorneys are immune from civil liability to non-clients for actions taken in connection with representing a client in litigation." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (quotations omitted). Moreover, "[f]raud is not an exception to attorney immunity." *Id.* at 484. Here, reading Bishara Dental's Amended Complaint in the light most favorable to it, any alleged misrepresentation by MLHS was made in connection with its representation of Outfront Media in

the Domestication Lawsuit litigation. Accordingly, the fraud claim is barred by the attorney-immunity doctrine and is dismissed.

E. **Abuse of Process or Malicious Prosecution**

Bishara Dental's fifth cause of action is titled:

ABUSE OF PROCESS *or in the Alternative* MALICIOUS PROSECUTION: FILING A LAWSUIT AGAINST PLAINTIFF TO DISCOVER PLAINTIFF'S FINANCIALS IN AN EFFORT TO EXTORT UNLAWFUL MONEY THROUGH FORCING PLAINTIFF TO SETTLE TO AVOID DISCLOSING BUSINESS FINANCIALS

(Doc. No. 22 at 21). Again, the basis of these claims is that MLHS pursued Bishara Dental for a debt that MLHS allegedly knew that Bishara Dental did not owe. The elements of abuse of process in Texas are: "(1) the defendant made an illegal, improper, perverted use of the process; (2) in so doing the defendant had an ulterior motive or purpose; and (3) damage resulted to the plaintiff from the irregularity." *Pitts & Collard, L.L.P. v. Schechter*, 369 S.W.3d 301, 332 (Tex. App.—Houston [1st Dist.] 2011, no pet.). "To recover for abuse of process in Texas, a claimant must demonstrate that he suffered special damages, i.e. some physical interference with the claimant's person or property in the form of an arrest, attachment, injunction, or sequestration." *Id.* at 332–33. Bishara Dental states in its Amended Complaint that it "suffered special Injury from defendant filings [sic] a writ of attachment." (Doc. No. 22 at 23). This statement is the only reference to a writ of attachment in the entire Amended Complaint; nowhere else does Bishara Dental allege facts showing that it suffered special damages. This sort of conclusory statement is not sufficient to plead the special injury element, and Bishara Dental otherwise only pleads non-recoverable damages. *See Martin v. Trevino*, 578 S.W.2d 763, 769 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.) (only damages "other than that necessarily incident to filing a lawsuit" are recoverable).

The elements of malicious prosecution in Texas are "(1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor; and (6) special damages." *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996). Bishara Dental has not sufficiently pleaded a claim of malicious prosecution because it cannot show the fifth element. According to Bishara Dental's own Amended Complaint, none of the proceedings it has been involved in thus far have been terminated in its favor. To the contrary, it has consistently lost. Both the abuse of process and malicious prosecution claims fail.

### F.   Economic Duress

Last, Bishara Dental has sued MLHS for economic duress. The elements of economic duress (or business coercion) are: "(1) the defendant threatened to do some act that it had no legal right to do; (2) the threat was of such a character as to destroy the plaintiff's free agency; (3) the threat overcame the plaintiff's free will and caused it to do what it otherwise would not have done and that it was not legally bound to do; (4) the restraint was imminent; and (5) the plaintiff had no means of protection." *Duradril, L.L.C. v. Dynomax Drilling Tools, Inc.*, 516 S.W.3d 147, 169 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *In re Frank Motor Co.*, 361 S.W.3d 628, 632 (Tex. 2012)). The only "threat" by MLHS that Bishara Dental alleges is the pursuit of the Domestication Lawsuit. Pursuing a lawsuit to domesticate an out-of-state judgment on behalf of a client does not constitute an act that MLHS had no legal right to do. Moreover, if Bishara Dental believed the lawsuits to have been frivolous, it did have a means of protection—that is, defending the lawsuits. Pursuing legal action in court is exactly the course of action intended when someone

allegedly owes someone else a debt. Doing so cannot constitute economic duress. This claim is also dismissed.

## IV. Other Issues

The motion to dismiss is resolved in full pursuant to the foregoing analysis. Nevertheless, the Court would be remiss if it did not address less-than-scrupulous representations by Bishara Dental and its attorney that have been brought to the Court's attention. Bishara Dental's argument in this litigation has been that the original Arizona Lawsuit was brought against the entirely wrong party. Its attorney has represented that an entirely different "Bishara Dental" in Arizona must have instead purchased the billboard at issue. (*See* Doc. No. 25 at 3) She has made serious accusations of lying, unsupported by evidence, against MLHS's attorneys. She has even accused MLHS of photoshopping a photograph of the billboard at issue to place a photo of Bishara Dental's owner, Mena Bishara, on the billboard. (*Id.* at 5–6).

Documents from the prior litigation provided to the Court by MLHS, however, seriously call these representations into question. MLHS has provided the Court with the 2013 Certificate of Formation for "Bishara Dental PLLC" from the Secretary of State's website. (Doc. No. 23-1). It lists Dr. Mena Bishara as its initial registered agent and a governing person. The other governing person is Dr. Helen Bishara, who has an Arizona address. MLHS has also provided the advertising agreement from 2014 at issue in the Arizona Lawsuit. (Doc. No. 23-2). That agreement lists "Bishara Dental" as the advertiser, references "Mena Bishara," and is signed by "Dr. Helen Bishara." Further, the address written on the agreement for Bishara Dental is the same address that Mary Bishara, counsel of record for Bishara Dental, has used in this very litigation. She has mailed the Court documents in an envelope with the address as the return address, and it is the address on file with the CM/ECF system. It strains credulity to imagine a different "Bishara Dental," with a

different "Helen Bishara" and "Mena Bishara" happened to have, in 2014, the same address as Bishara Dental's attorney now. The simple explanation is that Bishara Dental did enter into the advertising agreement.

Moreover, MLHS has provided an email between Outfront Media and Dr. Mena Bishara that includes the very same address in the signature block. (Doc. Nos. 23-4). Nowhere in that correspondence or others provided did Dr. Bishara assert that Outfront Media has contacted the wrong Bishara Dental. (*See id.*; Doc. No. 23-6). To the contrary, Dr. Bishara instructed Outfront Media on when to charge his credit card (Doc. No. 23-4) and complained that the billboard was placed later than they agreed (Doc. No. 23-6).

Further, in its original petition in the Retaliation Lawsuit, Bishara Dental asserted that it "entered into a contract with CBS outdoor in Houston, Texas, now known as Outfront Media, for the placement of a Billboard" and further detailed the terms of the contract (Doc. No. 23-25 at 3–4). It appears that, after it has lost its prior litigation, Bishara Dental has only now adopted the position that it never had any dealings with Outfront Media.

In addition, Bishara Dental has repeatedly asserted that no one from Bishara Dental was ever properly served in the Arizona Lawsuit and that therefore no one ever responded to it. (*See* Doc. No. 25 at 2–3). The documents from that litigation reveal this is also not true. In the Arizona Lawsuit, Bishara Dental filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper/Lack of Service. (Doc. No. 23-8). That motion was denied. (Doc. No. 23-10). That motion is clearly a form of response. Subsequently, the court entered a default judgment against Bishara Dental (Doc. No. 23-14). In addition, Bishara Dental filed an answer in the Domestication Lawsuit (Doc. No. 23-19).

Counsel Bishara is of course entitled to zealously represent the interests of her client. That zeal, however, does not extend to making misrepresentations to the Court. It also does not extend to making unsupported and haphazard accusations against her opposing counsel. Federal Rule of Civil Procedure 11 specifically states that by signing a pleading or other paper, an attorney is certifying to the Court that the factual representations have a reasonable basis. Fed. R. Civ. P. 11. It requires all attorneys to have made a reasonable inquiry before making such statements and it allows for sanctions for the failure to comply. Counsel is hereby warned that such activities will not be tolerated by this Court, nor by any other court in the Southern District of Texas.

## V. Conclusion

For the foregoing reasons, MLHS's amended motion to dismiss (Doc. No. 27) is hereby granted. All of Bishara Dental's claims are hereby dismissed with prejudice.

Signed at Houston, Texas, this 14th day of July, 2021.

Andrew S. Hanen
United States District Judge